UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 19-20818
v.                                        Honorable Thomas L. Ludington

TIFFANY MICHELLE JACKSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On December 11, 2019, Defendant Tiffany Michelle Jackson was indicted by a grand jury for one count of possession with intent to distribute methamphetamine. ECF No. 1. She pled guilty and was sentenced to 41 months in custody on October 30, 2020. ECF No. 25. On February 3, 2021, she submitted a letter to this Court seeking compassionate release. ECF No. 26. The letter will be construed as a motion for compassionate release.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust her administrative remedies with

the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In her motion, Defendant does not provide any evidence of exhaustion. While the Court is aware of the time sensitive nature of her request, the Sixth Circuit has clearly stated that defendants must first seek release from the BOP rather than come directly to the courts. Defendant may refile her Motion for Compassionate Release if she includes evidence of exhaustion.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 26, is **DENIED WITHOUT PREJUDICE**.

Dated: February 10, 2021  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Tiffany Jackson #58037-039, Saginaw County Jail, 311 S. Harrison, Saginaw, MI 48602 by first class U.S. mail on February 10, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager